**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHELLE BENJAMIN (#366563)**                              **CIVIL ACTION**

**VERSUS**

**WARDEN MARIANA LEGER, ET AL.**                             **NO. 08-0214-A-M2**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 30, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHELLE BENJAMIN (#366563)**                                    CIVIL ACTION

**VERSUS**

**WARDEN MARIANA LEGER, ET AL.**                          NO. 08-0214-A-M2

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana Correctional Institute for Women, ("LCIW"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Mariana Leger, Major Ella Gilmore and Ass't Warden Helen Travis, alleging that her constitutional rights were violated in November, 2006, when she was charged with a wrongful disciplinary report and, after a hearing, was found guilty and sentenced to a loss of eight (8) weeks of incentive pay. She further asserts that her disciplinary appeal was not timely decided.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous,

malicious, or fails to state a claim upon which relief may be granted".

In her Complaint, the plaintiff alleges that, on November 7, 2006, defendant Major Gilmore issued her a disciplinary report accusing her of being in an unauthorized area. At a hearing thereafter conducted on November 15, 2006, the charge was amended to "Aggravated Disobedience", and the plaintiff was found guilty and sentenced to a loss of eight (8) weeks of incentive pay. Although the plaintiff appealed this decision to the warden at LCIW, and although prison regulations mandate that a decision be issued on such appeal within thirty (30) days of the appeal, the plaintiff complains that she did not receive a decision until January 26, 2007. The plaintiff further complains that the loss of incentive wages is not appealable to the Secretary of the Louisiana Department of Public Safety and Corrections ("DOC"), and she believes that this is unfair. She asserts that she has suffered "a lot of mental anguish", and she prays for injunctive relief and expungement of all disciplinary sentences which have involved the loss of incentive wages.

It is clear from the allegations of the plaintiff's Complaint that she fails to state a claim of constitutional dimension. First, to the extent that her allegations may be interpreted as asserting that she was falsely accused of conduct of which she was innocent, the law is clear under § 1983 that a mere allegation by an inmate that she has been reported or punished for an act which she did not commit does not state a claim of denial of due process. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Further, even if procedural rules were not scrupulously adhered to in this case, as the plaintiff suggests (because her disciplinary appeal was not decided in a timely fashion, and she is precluded from appealing to the Secretary of the DOC), the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical, significant

deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate.  <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  In <u>Sandin</u>, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim.  In the instant case, this Court similarly concludes that the plaintiff's disciplinary sentence – of a loss of eight (8) weeks of incentive wages – fails to result in an atypical and significant deprivation in the context of prison life.  Accordingly, the plaintiff's claim fails to rise to the level of a constitutional violation, and the Complaint should be dismissed as legally frivolous.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed, with prejudice, as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915.

Signed in chambers in Baton Rouge, Louisiana, April 30, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**